UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUIS ENRIQUE PALMA FLORES, *individually and on behalf of all other similarly situated persons*,

                        Plaintiff,

– against –

M CULINARY CONCEPTS, INC., *d/b/a* BITE,
NOVEL FOODS INC., *d/b/a* BITE,
A.M. CATERING SOLUTIONS, INC.,
*d/b/a* BITE, AMICHAI MELAMED, *a.k.a* AMI MELAMED, and SAMAR SAJJAD,

                        Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: Dec. 6, 2019

**ORDER**

19 Civ. 1229 (ER)

Ramos, D.J.:

      Luis Enrique Palma Flores ("Plaintiff" or "Palma Flores"), individually and on behalf of all others similarly situated, brought this action against his former employer, M Culinary Concepts, Inc. *d/b/a* Bite, Novel Foods Inc., *d/b/a* Bite, A.M. Catering Solutions, Inc., *d/b/a* Bite, and its owners, managers, principals, or agents, Amichai Melamed, *a.k.a* Ami Melamed, and Samar Sajjad, under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 ("FLSA"), N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.*, and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6, to recover minimum wages, overtime wages, liquidated damages, interest, attorney's fees and costs owed. Doc. 1. Defendants employed Palma Flores as a cook in their restaurant Bite. *Id.* ¶ 4. Although the action was filed as a putative class and collective action, the Court notes that certification was never granted, and the settlement agreement expressly resolves only those claims alleged by Palma Flores. *Id.* ¶ 12. The settlement agreement thus has no binding effect on any other potential member of the putative class.

## I. The Proposed Settlement Agreement

On October 14, 2019, the parties applied for court approval of their Settlement Agreement and Release ("Settlement Agreement"). Doc. 29. The parties negotiated the settlement after extensive discussions in two mediation sessions. *Id.* Plaintiff agreed to discontinue the case for a settlement amount of $9,500, inclusive of $3,135 for attorney's fees and costs. *Id.* Plaintiff stands to receive $6,365, or 6.98% of the alleged maximum recovery amount of $91,148. Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims, particularly the alleged number of hours Plaintiff worked and the rate and method of his pay. *Id.* Plaintiff alleged he was not paid for all of his hours worked, but Defendants produced detailed employment records calling these assertions into question. *Id.* Considering the litigation risks, Plaintiff believes that this settlement is a good result and asks the Court to approve it as fair. *Id.*

On October 22, 2019, the Court declined to approve the Settlement Agreement because it contained an overbroad release in the form of a general release and a covenant not to sue which referenced the language of the general release. Doc. 30. Specifically, the Court highlighted that "the Settlement Agreement requires, in addition to a release on all claims related to Palma Flores' employment or separation from employment with the Defendants, that Palma Flores enter into a 'Covenant Not To Sue.'" Doc. 30, 3. The language of the Covenant Not To Sue stated that besides waiving and releasing claims as covered in the release, the Plaintiff would further agree not to sue Defendants for any reason, including but not limited to the claims covered in the release. *Id.* The Court's statement that it would not approve an overbroad release that purported to erase all liability applied to the language of the release and the covenant.

Furthermore, the Court instructed the parties that a proper release in a FLSA case waives only the claims relating to the existing suit. *Id.*

In response to the Court's order to fix these deficiencies, the parties filed a revised Settlement Agreement ("Revised Agreement") on November 22, 2019, which removed the covenant provision but kept the same overbroad language in the general release. Doc. 31.

## II. Discussion

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

### A. *Fairness of Settlement Amount*

As a threshold matter, the Court notes that the instant proposed settlement amount is significantly lower than what Plaintiff estimated; it is only 6.98% of the estimated maximum recovery. *See, e.g.*, *Khan v. Young Adult Inst., Inc.*, No. 18 CIV. 2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from

3

25% to 40% of plaintiff's maximum recovery). But although this is on the low end of what percentages are accepted by courts in this District, it is reasonable given the significant legal and evidentiary challenges Plaintiff would face at trial. *Vargas Ortiz v. Three Star on First, Inc.*, No. 19-CV-928 (OTW), 2019 WL 4013981, at *2 (S.D.N.Y. Aug. 26, 2019) (approving 23.4% settlement amount when defendants provided data from payroll records showing plaintiff did not work for them as long as alleged and calculated backpay would be less than half of what plaintiff alleged). Here, the Defendants provided payroll evidence that contradicted Plaintiff's claim that he was not paid for all of his hours. Doc. 31. Settlement thus enables Plaintiff to avoid the risk of the factfinder crediting Defendants' records and testimony, which could greatly diminish Plaintiff's potential recovery. *Vargas Ortiz*, 2019 WL 4013981, at *2.

Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2–3 (S.D.N.Y. Jan. 9, 2012). Lastly, when the settlement was negotiated for at arm's length with the assistance of an independent mediator, that reinforces the non-collusive nature of the settlement. *See Santos v. El Tepeyac Butcher Shop Inc.*, No. 15 Civ. 814 (RA), 2015 WL 9077172, at *1 (S.D.N.Y. Dec. 15, 2015) (finding settlement reasonable in light of litigation risk and existence of arm's-length negotiations between parties); *see also Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016) (finding mediation discussions that involved experienced counsel on both sides mitigated in favor of approving settlement). In this case, the parties settled after two mediation sessions. Doc. 31. Accordingly, the Court finds that despite the low settlement amount relative to the alleged best-case recovery, the settlement is fair and reasonable.

B. *Overbroad Release*[1]

In *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015) (cited with approval in *Cheeks*, 796 F.3d at 205–06), the court rejected a proposed FLSA settlement because the parties did not provide the basis for the recovery figure or documentation supporting the attorneys' fees, and the settlement included impermissible confidentiality provisions and overbroad releases. *Id.* at 176–82. Like in *Nights of Cabiria*, the proposed Agreement here is deficient for including an impermissibly overbroad release.

Here, "the language of the proposed release[] is far too sweeping to be 'fair and reasonable,'" because it "purport[s] to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Id.* at 177. By way of example, the Revised Agreement provides that "Plaintiff agrees that this Agreement settles any and all claims and actions of any nature whatsoever between Releasors and Releasees and releases and forever discharges Releasees of and from all and any manner of actions, causes of actions, suits, etc." Doc. 31 ¶ 2. It further provides that the "Releasors waive and release all similar rights and claims under all other federal, state, and local discrimination provisions…." *Id.* Accordingly, only removing the covenant provision and not limiting the overbroad release language did not cure the deficiency.

The Court will not approve an overbroad release that purports to "erase all liability whatsoever"; a proper release in a FLSA case can only "waive[] claims relating to the existing suit."[2] *Nights of Cabiria*, 96 F. Supp. 3d at 181. When presented with a FLSA case, the Court

---

[1] In its October 22, 2019 Order, while the Court discussed both the overbroad covenant-not-to-sue provision *and* release, the Court did not clearly direct the parties to address the release.

[2] A proper release cannot "extend[] beyond the *claims at issue in this action*." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (emphasis added).

"has an obligation to police unequal bargaining power between employees and employers, [and] such broad releases are doubly problematic." *Rivera v. Silver Star Cleaners, Inc.*, No. 18. CIV. 4427 (PAC), 2019 WL 3491505, at *4 (S.D.N.Y. Aug. 1, 2019) (citation omitted).

Accordingly, the Court will not approve the settlement unless the parties correct the deficiency identified above. The parties may proceed in one of the following ways:

1. Submit a revised agreement to the Court that includes a release that is limited to the claims at issue in this lawsuit on or before **January 6, 2020**.

2. File a joint letter on or before **January 6, 2020**, that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference.

3. Stipulate to dismissal of the case *without* prejudice, which the Court need not approve under current Second Circuit case law. *See Cheeks*, 796 F.3d at 201 n.2.

It is SO ORDERED.

Dated: December 6, 2019
New York, New York

_____
Edgardo Ramos, U.S.D.J.